UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:15-cr-479-T-33AAS

EDMOND BROWN
_____/

## ORDER

This matter is before the Court on Defendant Edmond Brown's Motion to Withdraw Plea (Doc. # 42), filed on June 24, 2016. The Government responded in opposition on June 28, 2016. (Doc. # 50). For the reasons that follow, the Motion is denied.

## I.   Background

Edmond Brown was born in Kingston, Jamaica on June 18, 1949. (Doc. # 42 at ¶ 1). Shortly after Brown's birth, his mother left Jamaica to live with his father in the United States, and Brown was raised in Jamaica by his grandmother. (Id.). Acknowledging that his father was born in Jamaica (Doc. # 50-2 at 8), Brown states that his father was a U.S. citizen when Brown was born. (Doc. # 42 at ¶ 1). Brown's mother was born in Jamaica (Doc. # 50-2 at 8), and although Brown does not provide information regarding his mother's citizenship at

his birth, Brown testified in 1979 that his mother was not a U.S. citizen. (Doc. # 50-1 at 6-7).

Brown first entered the United States in December of 1971 when he was twenty-two. (Id. at 4). Thereafter, the Immigration and Naturalization Service (now U.S. Immigration and Customs Enforcement) discovered Brown had unlawfully entered the United States, and he was granted voluntary departure in May of 1972. (Id. at 4-5). Five months later, Brown re-entered the United States, where he resided on and off until his deportation in 1979. (Id. at 5, 19). At some point after his deportation, Brown re-entered the United States, but he was again deported in 1992 following his conviction for a drug offense. (Doc. # 42 at ¶ 3).

Brown was charged by Superseding Information with a violation of 8 U.S.C. §§ 1326(a) and (b)(2), and on January 13, 2016, Brown pled guilty to those charges. (Doc. # 19-20). After conducting a change-of-plea hearing, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, recommended that the undersigned accept Brown's guilty plea. (Doc. # 23). His plea having been accepted, Brown was adjudicated guilty on January 28, 2016. (Doc. # 24).

Brown now moves to withdraw his guilty plea, arguing he is innocent of the charged offense. (Doc. # 42). Brown submits

2

he is a U.S. citizen because his father was a U.S. citizen and he, therefore, cannot be guilty of illegal re-entry. (Id.). On June 28, 2016, the Government responded in opposition to the Motion. (Doc. # 50). The Motion is ripe for review.

**II.   Legal Standard**

According to Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant may withdraw a plea of guilty:

> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
> (A) the court rejects a plea agreement under Rule 11(c)(5); or
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

The burden is on the defendant to show a "fair and just reason" to withdraw his plea. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). In determining whether a "fair and just reason" for withdrawal exists, a court may consider the totality of circumstances surrounding the plea. United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988), cert. denied 490 U.S. 1099 (1989). "Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4)

whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 472 (citations omitted). Additionally, "[a] mere declaration of innocence does not entitle a defendant to withdraw his guilty plea." Id.

**III. Analysis**

Upon review of the Buckles factors and the record before the Court, Brown has not met his burden of showing a fair and just reason exists to withdraw his plea. In particular, the Court finds that Brown's plea was entered knowingly and voluntarily, and Brown was competently represented by counsel throughout the plea process. Indeed, at Brown's change-of-plea hearing, Judge Jenkins engaged Brown in an extensive plea colloquy, in which Judge Jenkins ensured Brown thoroughly understood the consequences of entering a guilty plea. (Doc. # 50-3 at 14-19).

At the change-of-plea hearing, Brown affirmed under oath that the following facts were true: he was born in Jamaica in 1949; he was convicted of possession with intent to distribute, a felony offense, in 1988; he was thereafter deported in 1992; he was then discovered in Tampa by Immigration and Custom Enforcement agents in October 2015; and he is "a Jamaican citizen who was illegally in the United

4

States who did not apply for a waiver from the United States Attorney General to re-enter the United States and who used the fake name of Edward George Scott to re-enter the United States." (Id. at 20-21).

Brown also confirmed that he was fully satisfied with the advice and representation of counsel, had a complete opportunity to review and discuss his case with counsel, and required no additional time to discuss his decision to plead guilty. (Id. at 8). Brown's representations at the change-of-plea hearing carry a strong presumption of truth. United States v. Oliver, 316 Fed. Appx. 877, 879 (11th Cir. 2008) (citing United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994)).

Notably, Brown does not present any argument based on the Buckles factors. Rather, Brown contends he is actually innocent of the offense for which he was convicted and should be permitted to withdraw his guilty plea on that ground. (Doc. # 42). To this end, Brown argues he is a U.S. citizen based on his father's U.S. citizenship, making his conviction for illegal re-entry factually impossible. (Id. at ¶ 5). But, this assertion is unsupported by the evidence.

In order to determine Brown's citizenship, "the Court must look to the applicable law at the time of [Brown's]

5

birth." <u>Tullius v. Albright</u>, 240 F.3d 1317, 1320 (11th Cir. 2001). Brown was born in 1949. (Doc. # 42 at ¶ 1). Therefore, the Nationality Act of 1940, codified in 8 U.S.C. § 601 (1940), applies to this case

Section 201(g) of the Nationality Act of 1940 provides that a person born outside of the United States to one citizen parent and one non-citizen parent must establish the citizen parent resided in the United States or one of its territories for ten years, at least five of which were after the parent attained sixteen years of age. In addition, if the child is born to unmarried parents, the citizen parent cannot transmit his citizenship to the child unless paternity is "established during minority, by legitimation, or adjudication of a competent court." <u>Id.</u> at § 205. A minor is a person under twenty-one years of age. <u>Id.</u> at § 101(g).

Brown fails to demonstrate he is a U.S. citizen under the Nationality Act of 1940. Brown testified under oath at his 1979 deportation hearing that his parents were not married at the time of his birth. (Doc. # 50-1 at 6). Recently, Brown changed his position and contended in a pro se pleading that his parents were married at the time he was born. (Doc. # 38 at ¶ 8). That pleading was stricken because Brown was represented by counsel (Doc. # 39), and Brown has not argued

his parents were married at his birth in the instant Motion. Brown also provides no affidavit, marriage certificate, or other credible documentation to show his parents were in fact married at the time he was born. Thus, giving credence to Brown's prior sworn testimony, the Court considers the additional requirements of § 205.

Brown has presented no evidence that his father established paternity before Brown attained the age of twenty-one, as required by § 205. Specifically, Brown has offered no documents to show his paternity was adjudicated by a competent court. Nor has Brown shown paternity was legitimated, i.e. that Brown's parents married, before he turned twenty-one. On the contrary, Brown's prior sworn testimony indicates his parents did not marry until Brown was twenty-seven. (Doc. # 50-1 at 7).

Even if Brown's parents were married at the time of his birth, the record does not support a finding that Brown is a U.S. Citizen. Brown presents no facts to show his father met the ten-year residency requirement under § 201(g). Without this showing, Brown cannot establish that his father transmitted his U.S. citizenship to Brown at birth. Brown has failed to meet his burden under Rule 11(d), thus he should not be permitted to withdraw his guilty plea.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Edmond Brown's Motion to Withdraw Plea (Doc. # 42) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of July, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE